IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| STRONGARM LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARK MANUEL and LIFTMATIC, INC.,<br><br>Defendants. | Civil Action No. 4:18-cv-02374-RBH<br><br>**Amended Confidentiality Order** |

Whereas, the parties to this Amended Consent Confidentiality Order ("parties"), who previously consented to a Confidentiality Order (Doc. No. 21), the terms of which are restated herein, have stipulated that certain additional protections are needed to provide sufficient confidentiality protection for certain discovery materials in this case, and have agreed to the terms of this Amended Confidentiality Order; accordingly, it is this **20th** day of **August** 2019, ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Designation of documents as containing Confidential, Highly Confidential, or Attorneys'-Eyes Only information as set forth in Paragraph 3 of this Order shall be designated by placing or affixing the appropriate designation on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the designation. Documents shall be designated prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or

1

unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as otherwise allowed by this Order.

3. **Documents Which May be Designated Pursuant to this Order.** Any party may designate documents as Confidential, Highly Confidential, or Attorneys'-Eyes Only, but only after review of the documents by an attorney[1] who has, in good faith, determined that the documents contain information protected from disclosure consistent with this Order. The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Information or documents which are available in the public sector may not be designated pursuant to this Order.

A party may designate as Confidential any documents, testimony, or information contained therein that contains information protected by statute, regulation, or otherwise, sensitive personal information, or confidential research, development, financial, proprietary, or other commercial information.

A party may designate as Highly Confidential any documents, testimony, or information contained therein that contains trade secrets or other proprietary information the disclosure of which is likely to cause significantly harm to the party's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court. Pursuant to this Order, and as specified in Paragraph 6, Highly Confidential documents, testimony, or information may be shared with a Party Designee.

---

[1] The attorney who reviews the documents and certifies them to be designated pursuant to this Order must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

A party may designate as Attorneys'-Eyes only documents, testimony, or information contained therein regarding competitive financial information, the disclosure of which even to a Party Designee may cause significant competitive harm to the disclosing Party or others to whom that Party owes a duty of confidentiality.

4. **[Reading Room provision is omitted]**

5. **Depositions.** Portions of depositions shall be designated under this Order only if designated as such when the deposition is taken or within fifteen (15) business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

6. **Protection of Confidential Material.**

a. **General Protections.** Documents designated Confidential, Highly Confidential, or Attorneys'-Eyes Only under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 6.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b. **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated under the terms of this Order to any other person or entity except as set forth below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it.

Further, prior to disclosing any documents designated under the terms of this Order to any proposed expert or consultant, the receiving party must, in addition to providing the executed acknowledgement set forth in Attachment B, provide the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation,

3

and any current and past consulting relationships in the industry. The producing party will thereafter have ten (10) business days from receipt of the acknowledgment to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

    (1)    Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated Confidential pursuant to this Order:

        a.    counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

        b.    parties and employees of a party to this Order but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed[2];

---

[2] At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (Attachment B hereto), counsel shall complete a certification in the form shown at Attachment C hereto. Counsel shall retain the certification together with the form signed by the party or employee.

c. court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

d. consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

e. other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

(2) **Limited Third Party Disclosures: Highly Confidential Designation**. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated Highly Confidential under the terms of this Order to any other person or entity except as set forth in subparagraphs (a) and (c)-(e) above, as well as one additional designee per party (the "Party Designee") to be identified in writing by the designating party at least five (5) business days before disclosure of any Highly Confidential information to the Party Designee.

**(3) Limited Third Party Disclosures: Attorneys'-Eyes Only Designation.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated Attorneys' Eyes Only under the terms of this Order to any other person or entity except as set forth in subparagraphs (a) and (c)-(e) above.

c. **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the

originals of the forms signed by those persons acknowledging their obligations under this Order.

d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "ATTORNEYS'-EYES ONLY" or a reasonable equivalent thereto, if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

6. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03.

7. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

8. **Challenges to Designation as Confidential.** Any designation is subject to challenge. The following procedures shall apply to any such challenge.

a. The burden of proving the necessity of a designation remains with the party asserting confidentiality.

b. A party who contends that designated documents are not entitled to confidential treatment according to this Order shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the designation.

c. Notwithstanding any challenge to the designation of documents, all material previously designated shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1) the party who claims that the documents are entitled to protection under this Order withdraws such designation in writing;

(2) the party who claims that the documents are entitled to protection under this Order fails to move timely for an Order designating the documents as set forth in paragraph 8.b. above; or

(3) the court rules that the documents should no longer be designated under this Order.

d. Challenges to the designation of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9. **Treatment on Conclusion of Litigation.**

a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b. **Return of Designated Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents designated under this Order, including copies as defined above (¶5.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated under this Order so long as that work product does not duplicate verbatim substantial portions of the text of designated documents. This work product continues to be protectable under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the designated information.

10. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

11. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated under this Order by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

12. **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

IT IS SO ORDERED.

                                                    s/Donald C. Coggins, Jr.
                                                    UNITED STATES DISTRICT JUDGE

August 20, 2019
Spartanburg, South Carolina


SO STIPULATED

Respectfully submitted,

| TURNER, PADGET, GRAHAM & LANEY, PA | GIGNILLIAT, SAVITZ & BETTIS, LLP |
|---|---|
| */s/ J. René Josey* <br> Arthur E. Justice, Jr., Fed ID #2261 <br> Email: ajustice@turnerpadget.com <br> J. René Josey, Fed ID #1004 <br> Email: jjosey@turnerpadget.com <br> P.O. Box 5478 <br> Florence, SC 29502-5478 <br> (843) 662-9008 | */s/ Fred A. Williams* <br> Derwood L. Aydlette, III (FID No. 5036) <br> Email: daydlette@gsblaw.net <br> Fred A. Williams (FID No. 9934) <br> Email: fwilliams@gsblaw.net <br> 900 Elmwood Avenue, Suite 100 <br> Columbia, South Carolina 29201 <br> (803) 799-9311 |

- and -

MILLER, CANFIELD, PADDOCK AND STONE

*/s/ Jacob D. Koering*
Jacob D. Koering, *pro hac vice*

Email: koering@millercanfield.com
A. Michael Palizzi, *pro hac vice*
Email: palizzi@millercanfield.com
Erika L. Giroux, *pro hac vice*
Email: giroux@millercanfield.com
150 West Jefferson Ave., Suite 2500
Detroit, MI 48226
(313) 963-6420

# ATTACHMENT A
## CERTIFICATION BY COUNSEL OF DESIGNATION OF INFORMATION AS CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| STRONGARM LLC ) | | Civil Action No. **4:18-cv-02374-RBH** |
| ) | | |
| Plaintiff, ) | | |
| vs. ) | | Certification by Counsel of Designation |
| ) | | of Information as Confidential |
| MARK MANUEL; LIFTMATIC INC., ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked subject to the Amended Confidentiality Order entered in this action which Order is dated [confidentiality order date].

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order.

Check and complete one of the two options below.

❑ I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is [District Court Bar #].

❑ I am not a member of the Bar of the United States District Court for the District of South Carolina but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is [state in which I practice most] where my Bar number is [that state's Bar #]. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification.

Date:   [date attachment A signed]                     [Signature of Counsel [s/name]]
                                                                                Signature of Counsel

                                                                                [Printed Name of Counsel [A]]
                                                                                Printed Name of Counsel

# ATTACHMENT B

## ACKNOWLEDGMENT OF UNDERSTANDING
## AND
## AGREEMENT TO BE BOUND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| STRONGARM LLC | ) | Civil Action No. **4:18-cv-02374-RBH** |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Acknowledgment of Understanding |
| MARK MANUEL; LIFTMATIC INC., | ) | and |
| | ) | Agreement to be Bound |
| Defendants. | ) | |

The undersigned hereby acknowledges that he or she has read the Amended Confidentiality Order dated [confidentiality order date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated under the Order solely for the purposes of the above-captioned action, and not to disclose any such information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

| | |
|---|---|
| Name: | [undersigned name [att B]] |
| Job Title: | [Job Title [att B]] |
| Employer: | [Employer [att B]] |
| Business Address: | [Business Address [att B]] |

Date: **[date attachment B signed]**　　　　　　　　　　[Signature [attachment B]]
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Signature

# ATTACHMENT C

## CERTIFICATION OF COUNSEL OF NEED
## FOR ASSISTANCE OF PARTY/EMPLOYEE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| STRONGARM LLC, ) | Civil Action No. **4:18-cv-02374-RBH** |
| ) | |
| Plaintiff, ) | |
| vs. ) | Certification of Counsel |
| ) | of Need for Assistance of Party/Employee |
| MARK MANUEL; LIFTMATIC INC., ) | |
| ) | |
| Defendant ) | |
| ) | |
| _____ ) | |

Pursuant to the Confidentiality Order entered in this action, most particularly the provisions of Paragraph 5.b.2., I certify that the assistance of [name of assistant [att C]] is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated under the Order.

I have explained the terms of the Amended Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

❑   A named party;

❑   An employee of named party [employee of named party]. This employee's job title is [employee's job title] and work address is [employee's work address].

Date:   **[date attachment C signed]**            [Signature [attachment C]]
                                                                                  Signature